*732 OPINION.
Marquette:
For several years prior to 1920 petitioner James was engaged in business as a building architect and the other petitioners were employed by him on the profit-sharing basis. On July 7, 1920, the Thomas M. James Co., was organized and it immediately acquired the individual business of James and issued in exchange therefor all of its capital stock. James retained 51 per cent of the stock and the remainder was given to the four associates in the same proportion that they were entitled to the profits under their profit-sharing agreement with James and in consideration thereof they *733 consented to a cancellation of the agreement. The question presented herein is whether the shares of stock so received by the petitioners constituted income to them and if so the amount thereof. The petitioners contend (1) that the transaction was an exchange of property and could not give rise to gain or loss within the meaning of the revenue act then in force, and (2) that even if the transaction be held to be one giving rise to gain or loss, they realized no income, for the reason that the stock of the Thomas M. James Co. had no fair market value.
The petitioner’s first contention is without merit and may be disposed of summarily. Section 202 (b) of the Revenue Act of 1918, which was in effect during the year 1920, provides that:
When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *
It is clear from the statute quoted that if the stock received by the petitioners had a fair market value, it must be treated as to the equivalent of cash to the extent of that value and gain or loss computed on that basis.
The respondent has determined that the capital stock of the Thomas M. James Co. had a fair market value of $60.51 per share when it was received by the petitioners. The burden of proof is upon the petitioners to show that the respondent’s determination is erroneous. They have failed to meet that burden, and we are unable to find from the evidence any ground for disturbing the valuation the respondent has ascribed to the stock in question.
Reviewed by the Board.

Judgment will be entered for the respondent.